UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DENISE HOUSER, | ) | Case No. 20-10487-amc |
| | ) | |
| Debtor. | ) | |
| | ) | |
| DENISE HOUSER, | ) | Adv. Proc. No. |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WELLS FARGO BANK, N.A., and | ) | |
| MANLEY DEAS KOCHALSKI, LLC, | ) | |
| Defendants. | ) | |

## **C O M P L A I N T**

### **INTRODUCTION**

1. This is an action to enforce the Fair Debt Collection Practices Act of 15 U.S.C. 1692 *et. seq.* (" FDCPA") for actual and statutory damages brought by the Debtor/Plaintiff Denise Houser specifically MANLEY DEAS KOCHALSKI, LLC who violated the FDCPA by failing to credit payments made while the plaintiff was in her prior bankruptcy to her mortgage foreclosure in Montgomery County, Pennsylvania in its praecipe for a writ of Execution for its client WELLS FARGO BANK, N.A.  Both Defendants Manley, Deas Kochalski, LCC and Wells Fargo Bank, National Association,  violated  the  Pennsylvania Fair Credit Extension Uniformity Act which applies to both debt collectors and creditors and is the State law mirroring

the FDCPA. Accordingly, Plaintiff sues Defendant Manley Deas Kochelski, LLC for its violation of the FDCPA and both Defendants for violation of the Pennsylvania statute.

### Jurisdiction

2.  Jurisdiction is conferred on the Court by 28 U.S.C. § 1334 in that this proceeding arises under Federal law codified in title 11 of the United States Code.

3.  Venue is appropriate in this Court for any and all the violations of the FDCPA that occurred in this Federal judicial district and, therefore, venue in this district is proper.

### Parties

4.  Plaintiff Denise Houser is an individual who resides at 120 Hanover Avenue, North Wales, PA 19454-1631. Plaintiff filed her instant petition under Chapter 13 of the Bankruptcy Code on January 25, 2020 with this Honorable Court.

5.  Defendant Manley Deas Kochalski, LLC ("Manley Deas") is a law firm and "debt collector" as defined under the FDCPA and is based in the State of Ohio.

6.  Defendant Wells Fargo Bank, N.A. ("Wells Fargo") is a national bank in the business of mortgage lending and does business in the Commonwealth of Pennsylvania and is headquartered in the State of California.

### CLAIMS FOR RELIEF:

### Count I (Violation of the Fair Debt Collection Practices Act)

7.  Paragraphs 1 through 6 hereof are repeated and incorporated herein by reference.

8. Plaintiff filed a case under a Chapter 13 of the Bankruptcy Code on January 27, 2018 in the United States Bankruptcy Court for the District of Pennsylvania, case No.18-10495-amc.

9. Plaintiff proposed a Chapter 13 plan that would to pay the pre-petition arrearage owed to Defendant Wells Fargo Bank, N.A. as reflected in Wells Fargo's secured proof of claim through the Chapter 13 plan; accordingly plan was a "cure" plan.

10. On August 7, 2018, the Bankruptcy Court confirmed the Plaintiff's Chapter 13 plan wherein her prepetition arrearage is paid through the Chapter 13 Plan and distributed to Wells Fargo through the Chapter 13 Trustee William C. Miller.

11. Debtor paid the Defendant Wells Fargo its monthly mortgage payments post-petition for her residence located at 120 Hanover Street, North Wales, PA 19454 directly to the Defendant Wells Fargo pursuant to the confirmed Chapter 13 plan.

12. Plaintiff continued to pay substantial amounts to the Chapter 13 trustee to cure the pre-petition arrearage on the mortgage loan owed to Defendant Wells Fargo.

13. Defendant Manley Deas is a "debt collector" as defined under the Fair Debt Collection Practices Act ("**FDCPA**"), specifically, 15 U.S.C. § 1692a(6) because it utilizes an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts and who regularly collects or attempts to collect such debt, directly or indirectly, owed or asserted to be owed by another, as part of its law practice.

14. Debtor's Chapter 13 case, Case No. 18-10495-amc, was dismissed on October 15, 2019 by the Bankruptcy Court.

15. Defendant Manley Deas violated the FDCPA by filing a praecipe for a writ of execution that included post-judgment interest but did not credit Plaintiff for any of her payments for the most recent Chapter 13 bankruptcy thereby grossly inflating the debt and "by falsely representing the character, amount, and legal status of the debt" in violation of 15 U.S.C. § 1692e(2)(A). A copy of the praecipe is attached hereto as Exhibit "A" and is incorporated herein by reference.

16. Defendant Manley Deas is liable under the FDCPA for its "falsely representing the character, amount, and legal status of the debt" in violation of 15 U.S.C. § 1692e(2)(A) as part of it overinflating the amount that the Plaintiff owed to its client Wells Fargo Bank, N.A. on the praecipe for the Writ of Execution that appeared on the Writ of Execution and Sheriff handbills and thereby "chilling" bids at the Montgomery County Sheriff's Sale.

17. The overinflated amount appeared on the Sheriff handbills and in advertisements of the Sheriff's sale in two publications that were printed in newspapers and/or Montgomery County Law Reporter.

18. The Montgomery County Sheriff's Sale had been scheduled for Wednesday, January 29, 2020 at 1:00 PM for the Plaintiff's residence at 120 Hanover Street, North Wales, PA; however it was stayed by the instant Chapter 13 bankruptcy.

**WHEREFORE**, the Plaintiffs pray that this Court will enter a money judgment against the Defendant Manley Deas pursuant to the FDCPA for the following:

   a. Declare that Defendant Manley Deas violated the FDCPA, enjoin Defendant from committing any future violations of the Act, and award the Debtor actual damages and $1,000.00 in statutory damages pursuant to 15 U.S.C. §1692k;;

   b. Award punitive or exemplary damages in an amount to be determined at trial

    c.   Award Debtor reasonable attorney fees and litigation expenses, plus costs of suit, pursuant to 15 U.S.C. §1692k(3); and

    d.   Grant such other or further relief as appropriate.

### Count II (Violation of Pennsylvania Fair Credit Extension Uniformity Act)

19.   The allegations in paragraphs 1 through 18 of this complaint are realleged and incorporated herein by this reference.

20.   Defendants misrepresented the status of the debt as to the Debtor by not crediting her for the payments made in her latest Chapter 13 bankruptcy case and thus attempted to collect a much higher amount of the debt that was not legally owed by the Plaintiff in violation of 73 Pa. C.S. §2270.4(b)(5)(ii).

21.   Defendants also violated the Pennsylvania Fair Credit Extension Uniformity Act ("**FCEUA**") by causing an artificially inflated amount of the debt that was to harass and coerce payment of a debt and/or chill third-party bidding at the Montgomery County Sheriff's Sale that was scheduled for January 29, 2020.

22.   Both debt collectors and creditors are liable under the FCEUA per 73 Pa. C.S. §2270.4.

23.   A creditor or debt collector's violation of FDCPA is a violation of the FCEUA per 73 Pa. C.S. §2270.4(a).

24.   Defendants violated the Pennsylvania Fair Credit Extension Uniformity Act, 73 Pa. C.S. § 2270.1 *et seq.,* and accordingly, are subject to liability under the Pennsylvania Unfair Trade Practices Act and Consumer Protection Law, to wit, 73 P. S. §201-9.2 allowing the award of $100.00 or actual damages, whichever is greater, up to three times actual damages or treble damages, plus reasonable attorney's fees and costs.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants Manley Deas and Wells Fargo Bank, NA. and that this Honorable Court:

a. Award actual damages or $100.00 per violation as to be determined at trial;

b. Award treble the actual damages; and

c. Award Debtor reasonable attorney's fees and litigation expenses, plus costs of suit pursuant to 73 P. S. §201-9.2; and

d. Grant such other or further relief as would be equitable and just.

                              Respectfully submitted

                              */s/ Mark A. Cronin, Esquire*
                              Mark A. Cronin, Esquire
                              26 S. Church Street
                              West Chester PA, 19382
                              (610) 585-1702
                              Philalaw@aol.com
                              Attorney for Plaintiff Denise Houser